## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

————————————————————————— )
CAUSE OF ACTION INSTITUTE         )
1875 Eye St., NW, Suite 800         )
Washington, DC 20006,         )
         )
       Plaintiff,         )
         )
      v.         )     Civil Action No. 16-2226
         )
UNITED STATES DEPARTMENT OF JUSTICE  )
950 Pennsylvania Ave., NW         )
Washington, DC 20530         )
         )
       Defendant.         )
————————————————————————— )

## COMPLAINT

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records relating to the detailing of Department of Justice attorneys to the White House.  The records were requested by Plaintiff Cause of Action Institute ("CoA Institute") and improperly withheld by Defendant United States Department of Justice ("DOJ").

## JURISDICTION AND VENUE

2.     Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.     CoA Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair.  In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability.  It also regularly requests access under FOIA to the

public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

5.      The DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).  It has possession, custody, and control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

6.      By letter, dated July 15, 2016, CoA Institute sent a FOIA request to the DOJ Tax Division ("DOJ-Tax") seeking production of two specific records relating to the detailing of DOJ attorneys to the White House.  *See* Exs. 1, 6.

7.      DOJ-Tax had previously produced the same two records to CoA Institute in response to a different FOIA request (FOIA request #10874[1]), but the agency had withheld large amounts of information within those records by applying redactions bearing the label "non-responsive."  *See* Exs. 2–3.

8.      The July 15, 2016 FOIA request sought production of those two records without any non-responsive redactions and therefore asked for the "entirety" of each such record.  Ex 1.

9.      More specifically, the first item of the request sought the entirety of an email chain involving two government employees (the "Bringer-Wolfinger email chain") by asking for "[t]he entirety of each record, any portion of which contains email communications between Norah E. Bringer and Gretchen M. Wolfinger discussing Ms. Bringer's transition into a detail at the White House Counsel's Office. This item also includes the entirety of each record that contains any email reply to the above-described records.  The time period for this item of the request is May 2014."  *Id.* at 1.

---

[1] These two records were produced, among other records, through litigation in *Cause of Action Institute v. Internal Revenue Service & Dep't of Justice*, No. 15-770 (D.D.C. documents produced Mar. 25, 2016).  *See* Ex. 4 (cover letter transmitting responsive records).

10. The second item of the request sought a particular DOJ report by asking for "[t]he entirety of each record, any portion of which contains the Current Practices for Attorney Assignments, Transfers, and Details to the White House." *Id.*

11. By letter, dated August 9, 2016, DOJ-Tax acknowledged receipt of the July 15, 2016 FOIA request, assigned it tracking number #11018, and requested a conference to clarify the scope of the request. Ex. 5.

12. On August 15, 2016, CoA Institute and DOJ-Tax held a phone conference to discuss the scope of the request. CoA Institute summarized the call in a follow-up email on the same day, writing:

> CoA Institute is seeking the entirety of the two records I sent you previous to the call. Those records are (1) an email chain on or about May 22, 2014 between, among others, Norah Bringer and Gretchen Wolfinger, and (2) a November 2011 report entitled Current Practices for Attorney Assignments, Transfers, and Details.
>
> DOJ-Tax had previously released versions of these records to CoA Institute in response to a different FOIA request, but with significant information withheld as "non-responsive." I explained to you that CoA Institute's position is that these were improper uses of "non-responsive" as a withholding tool and that this current request, FOIA #11018, requested the entirety of these records. CoA Institute does not envision DOJ-Tax needing to conduct any additional searches for responsive records; we only seek the entirety of these two records.

Ex. 6.

13. DOJ-Tax acknowledged receipt of this summary. *Id.*

14. By letter, dated September 20, 2016, DOJ-Tax issued its final determination on FOIA request #11018 and produced responsive records. Ex. 7.

15. DOJ-Tax stated that it had "determined that two records are responsive to your clarified request" and that it was releasing one of the records in full. *Id.* at 1. With respect to the other record, however, DOJ-Tax stated that it was withholding that record in full based on

Exemption 3 (in conjunction with 26 U.S.C. § 6103) and Exemption 5 (attorney work product).
*Id.* at 1–2.

16.     As stated in the DOJ-Tax final determination letter, the first record produced in
response to FOIA request #11018 was produced in full without redaction.  *Id.* at 3–5.  That
record was responsive to Item 2 of FOIA request #11018.

17.     However, the production in response to Item 1 of FOIA request #11018, which
had sought the Bringer-Wolfinger email chain, contradicted the description provided in the DOJ-
Tax final determination letter.  Instead of producing the Bringer-Wolfinger email chain as a
single record, DOJ-Tax subdivided that record into what it designated as nine separate records.
*Id.* at 6–11.  Moreover, only "Record 7" was redacted on the basis of Exemption 3 and 5,
whereas the other eight "records" were redacted as "non-responsive."  *Id.*

18.     By letter, dated September 27, 2016, CoA Institute objected to the DOJ-Tax
redactions of the Bringer-Wolfinger email chain by filing a timely administrative appeal with the
DOJ Office of Information Policy ("DOJ-OIP").  Ex. 8.

19.     In its appeal, CoA Institute explained that the Bringer-Wolfinger email chain was
a single record (just as the DOJ-Tax final determination letter had characterized it) and that DOJ-
Tax had improperly segmented that single record into nine records, even going "so far as to
claim that email headers were distinct records from the body of that same email."  *Id.* at 3–5.

20.     The appeal argued that DOJ-Tax was not justified in redacting any material as
non-responsive and further objected to the agency's application of Exemptions 3 and 5.  *Id.* at
5–6.

21.     By letter, dated September 29, 2016, DOJ-OIP acknowledged receipt of the
administrative appeal and assigned it appeal number DOJ-AP-2016-5667.  Ex. 9.

22.     To date, CoA Institute has not received any further communications from the DOJ, DOJ-Tax, or DOJ-OIP regarding FOIA request #11018 or appeal No. DOJ-AP-2016-5667.

## COUNT 1
### Violation of FOIA: Improper Withholding of Responsive Records

23.     CoA Institute repeats all of the above paragraphs.

24.     FOIA requires agencies to respond to administrative appeals within twenty (20) business days, 5 U.S.C. §§ 552(a)(6)(A)(ii), and a requester is deemed to have exhausted its administrative remedies if an agency fails to do so.  *Id*. § 552(a)(6)(C).

25.     Defendant received CoA Institute's administrative appeal on September 29, 2016, which is more than twenty business days ago, and has not provided a final response thereto. CoA Institute therefore has exhausted its administrative remedies.

26.     FOIA request #11018 reasonably described the records sought and was made in accordance with published rules and procedures.  5 U.S.C. § 552(a)(3)(A).

27.     The FOIA requires agencies to provide access to records responsive to a FOIA request, subject to nine statutory exemptions.  5 U.S.C. § 552(a)(3), (b)(1)–(9).

28.     Agencies may not use the designation of "non-responsive" as a tenth exemption because FOIA "does not provide for . . . redacting nonexempt information within responsive records."  *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 677 (D.C. Cir. 2016).  Instead, the FOIA "compels disclosure of the responsive record—i.e., as a unit—except insofar as the agency may redact information falling within a statutory exemption. . . .  FOIA calls for disclosure of a responsive record, not disclosure of responsive information within a record."  *Id*.

29.     The material produced in response to Item 1 of FOIA request #11018 (the Bringer-Wolfinger email chain) constitutes a single record.

30.     DOJ-Tax improperly segmented the Bringer-Wolfinger email chain into nine distinct "records" and improperly applied a "non-responsive" designation to withhold eight of those "records."

31.     FOIA Exemption 3 permits agencies to withhold a record or a portion of a record if it is specifically exempted from disclosure by another statute.  5 U.S.C. § 552(b)(3).

32.     FOIA Exemption 5 permits agencies to withhold a record or a portion of a record if it would not be available by law to a party other than the agency in litigation with the agency. 5 U.S.C. § 552(b)(5).

33.     If an agency asserts that exemptions allow it to withhold portions of responsive records, it must still release "[a]ny reasonably segregable portion of a record[.]"  5 U.S.C. § 552(b); *Stolt-Nielsen Transp. Grp. Ltd. v. United States*, 534 F.3d 728, 734 (D.C. Cir. 2008).

34.     In this case, DOJ-Tax withheld in full what it terms "Record 7" in the Bringer-Wolfinger email chain by asserting a combination of Exemption 3 (26 U.S.C. § 6103) and Exemption 5 (attorney work product).

35.     A comparison of the record as originally produced in response to FOIA request #10874 (Ex. 3 at 3) and as produced in response to FOIA request #11018 (Ex. 7 at 8) shows that DOJ-Tax was overbroad in its application of Exemptions 3 and 5, and that it failed to conduct a segregability analysis.

36.     By acknowledging that a portion of the Bringer-Wolfinger email chain was responsive to Item 1 of the FOIA request #11018, albeit subject to certain exemptions, DOJ-Tax was obligated to produce the remainder of that record that is not subject to any FOIA exemption.

37.     The designation "non-responsive" is not a proper FOIA exemption and cannot be used to redact information within a responsive record.

38.     DOJ-Tax therefore improperly redacted information as non-responsive in the record it produced in response to Item 1 of FOIA request #11018.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

a.     order Defendant to produce the entirety of the record responsive to Item 1 of FOIA request #11018, subject only to appropriate FOIA exemptions, within twenty (20) business days of the date of the Order;

b.     award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

c.     grant such other relief as the Court may deem just and proper.


Date: November 8, 2016                    Respectfully submitted,

                                          */s/ R. James Valvo, III*
                                          R. James Valvo, III
                                          D.C. Bar. No. 1017390
                                          Lee A. Steven
                                          D.C. Bar No. 468543

                                          CAUSE OF ACTION INSTITUTE
                                          1875 Eye St., NW, Suite 800
                                          Washington, DC 20006
                                          Telephone: (202) 499-4232
                                          Facsimile: (202) 330-5842
                                          james.valvo@causeofaction.org
                                          lee.steven@causeofaction.org

                                          *Counsel for Plaintiff*